# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

Civil Action No. _____

MARK ANDERSON and JUDY ANDERSON,

Plaintiffs,

v.

LIBERTY MUTUAL INSURANCE COMPANY,

Defendant.

## NOTICE OF REMOVAL

Defendant Liberty Mutual Insurance Company ("Defendant" or "Liberty"), by and through its undersigned counsel, Lewis Roca Rothgerber LLP, pursuant to 28 U.S.C. §§ 1332, 1441 & 1446, hereby gives notice of the removal of this action from the District Court, Arapahoe County, State of Colorado, to the United States District Court for the District of Colorado. In support of said removal, Defendant states as follows:

## INTRODUCTION

1. On February 4, 2015, Plaintiffs initiated this action by filing their Complaint ("Original Complaint") in the District Court, Arapahoe County, State of Colorado, Case No. 2015CV30295 (the "State Action").

2. On February 11, 2015, Plaintiffs filed their Amended Complaint ("Amended Complaint") in the District Court, Arapahoe County, State of Colorado.

3. The Amended Complaint asserts claims against Liberty for Violation of C.R.S. §§10-3-1115 and 1116 and Bad Faith Breach of Insurance Contract.

4. This lawsuit arises out of Plaintiffs' claim for insurance benefits as a result of a hail storm that occurred on or about September 14, 2013.

## **COMPLIANCE WITH THE RULES**

5.  All procedural requirements related to the removal of this action have been satisfied.

6.  On February 10, 2015, Plaintiffs served Liberty with a Summons and a copy of an edited version of the Original Complaint.[1]  This Notice of Removal is filed within thirty (30) days of Liberty's receipt of the edited Original Complaint, and is therefore timely pursuant to 24 U.S.C. §§ 1441 and 1446(b) and Fed. R. Civ. P. 6(a).

7.  Concurrent with this Notice of Removal, Liberty is filing a Notice of Filing of State Court Records pursuant to 28 U.S.C. § 1446(a) and D.C.Colo.LCivR 81.1.  This includes a true and correct copy of the state court docket, which includes all state court pleadings, motions, and other papers known to have been served on Liberty.

8.  Pursuant to 28 U.S.C. § 1446(a), a true and correct copy of Plaintiffs' Amended Complaint and Summons are attached to this Notice of Removal as **Exhibits A and B**, respectively.

9.  Pursuant to 28 U.S.C. § 1446(d), a copy of this Notice of Removal is being served upon counsel for Plaintiffs.

10.  Pursuant to 28 U.S.C. § 1446(d), Liberty will file a Notice of Filing of Notice of Removal in the pending state court action, Case No. 2015CV030295, District Court, Arapahoe County, Colorado.  A copy of the Notice of Filing of Notice of Removal is attached hereto as **Exhibit C**.

11.  Pursuant to D.C.COLO.LCivR 81.1, Liberty states that no hearings are pending, nor has any trial been set in the State Action.

---

[1] The Original Complaint that was filed in Arapahoe County District Court is dated February 4, 2015 and lists the defendant as "Liberty Mutual Insurance."  Plaintiffs then personally served a different version of the Original Complaint upon Liberty, which is also dated February 4, 2015 and lists the defendant as "Liberty Mutual Insurance Company."  Plaintiffs then filed another complaint, which is not titled as an amended complaint, in Arapahoe County District Court.  This complaint is dated February 11, 2015 and lists the defendant as "Liberty Mutual Insurance Company" ("Amended Complaint").  The various versions of the complaints in this matter appear to be identical, other than the filing dates and the name of the defendant.  Thus, for ease of reference, Liberty cites to the allegations in the February 11, 2015 Amended Complaint, as it is the operative complaint in this matter.

12. Venue is proper in the District of Colorado because this District embraces the location where the State Court action is pending. 28 U.S.C. § 1446(c).

## DIVERSITY JURISDICTION

13. Plaintiffs' Amended Complaint asserts claims over which this Court has jurisdiction pursuant to 28 U.S.C. § 1332 because: (a) the parties are residents of different states; and (b) the amount in controversy exceeds $75,000.

### A. THE PARTIES ARE RESIDENTS OF DIFFERENT STATES

14. Plaintiffs are Colorado citizens. *See* **Exhibit A**, Amended Complaint at ¶¶ 1-2 ("Plaintiff, Mark Anderson, is a citizen and domicile of the State of Colorado residing at 15758 East Prentice Lane, Centennial, Colorado 80015-4263. Plaintiff, Judy Anderson, is a citizen and domicile of the State of Colorado residing at 15758 East Prentice Lane, Centennial, Colorado 80015-4263.")

15. Defendant Liberty is incorporated under the laws of the State of Massachusetts and maintains its principal place of business in Boston, Massachusetts.

16. For purposes of federal diversity jurisdiction, the parties are completely diverse.

### A. THE AMOUNT IN CONTROVERSY EXCEEDS $75,000

17. While not waiving Liberty's rights to contest the issue, Plaintiffs seek a monetary judgment in excess of $75,000.

18. In their Amended Complaint, Plaintiffs claim that their "wind and hailstorm damages were $102,439.16." **Exhibit A**, Amended Complaint at ¶ 13. In addition, Plaintiffs seek statutory damages from Liberty in the amount of "two times the covered benefit" and attorneys' fees pursuant to C.R.S. § 10-3-1116, which places the amount in controversy well above $75,000. **Exhibit A**, Amended Complaint at ¶ 30. *See, e.g., Cox v. Lincoln Nat'l Life Ins. Co.,* Civil Action No. 10-cv-02544-CMA-MEH, 2013 WL 1412327 (D.Colo. 2010) (copy attached hereto as **Exhibit**

**D**) (the amount in controversy was satisfied when the plaintiff alleged that defendant was required to pay her $40,000 in insurance benefits and also asserted a claim for double damages under C.R.S. § 10-3-1116); *Washington v. Am. Family Mut. Ins. Co.*, Civil Action No. 12-cv-02229-REB-KLM, (D.Colo. 2013) (copy attached hereto as **Exhibit E**) (finding that a plaintiff's claim for statutory damages under C.R.S. § 10-3-1116, including attorneys' fees, was sufficient for establishing the amount in controversy for purposes of removal).

19. Since Plaintiffs' alleged damages confirm that the amount in controversy exceeds $75,000.00, this action may properly be removed to this Court pursuant to 28 U.S.C. §§ 1441 and 1446.

20. Accordingly, this Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1332.

WHEREFORE, Defendant Liberty Mutual Insurance Company requests that the action now pending in the District Court, Arapahoe County, Colorado, Case No. 2015CV030295, be removed therefrom to this Court and that all further proceedings be heard in this Court.

Respectfully submitted this 23rd day of February, 2015.

        LEWIS ROCA ROTHGERBER LLP

        s/ Holly C. Ludwig
        Brian J. Spano, Esq.
        Holly C. Ludwig, Esq.
        1200 17th Street, Suite 3000
        Denver, CO  80202
        303-623-9000
        bspano@lrrlaw.com
        hludwig@lrrlaw.com

        *Attorneys for Defendant*
        *Liberty Mutual Insurance Company*

- 5 -

## **CERTIFICATE OF SERVICE**

   I hereby certify that on this 23rd day of February, 2015, I delivered a true and correct copy of the foregoing **NOTICE OF REMOVAL** was filed via the CM/ECF system and was served upon the following:

Ross Ziev, Esq.
Casey Kane, Esq.
SPEIGHTS AND WORRICH, LLC
116 Inverness Drive East, Suite 270
Englewood, CO  80112
Tel:     303.662.8082
Fax:    303.662.8083
ross@speightsfirm.com

*Attorneys for Plaintiffs*
*Mark and Judy Anderson*

                *s/Holly C. Ludwig*
                Holly C. Ludwig