| 18th Judicial District Court, Arapahoe, Colorado<br>District Court<br>Court Address:      7325 S. Potomac Street<br>      Centennial, Colorado 80112<br><br>**Plaintiff:**    Mark Anderson and Judy Anderson<br><br>**v**<br><br>**Defendant:**   Liberty Mutual Insurance Company | DATE FILED: February 11, 2015 3:28 PM<br>FILING ID: B9D3757FD3067<br>CASE NUMBER: 2015CV30295 |
|---|---|
| | ▲   COURT USE ONLY   ▲ |
| **Attorney for Plaintiffs:**<br>Attorney:     Ross Ziev, #43181<br>         Casey Kane, #47891<br>Address:    Speights and Worrich, LLC<br>         116 Inverness Drive East, Suite 270<br>         Englewood, CO 80112<br>Phone Num.: (303) 662-8082<br>FAX Num.:  (303) 662-8083<br>E-Mail:     ross@speightsfirm.com<br>         casey@speightsfirm.com | Case Number:<br><br>Div.: |
| **COMPLAINT AND JURY DEMAND** ||

COMES NOW PLAINTIFFS, Mark Anderson and Judy Anderson, by and through their attorneys, Speights and Worrich, LLC, and Complain against the above named Defendant as follows:

## GENERAL ALLEGATIONS

1.   Plaintiff, Mark Anderson, is a citizen and domicile of the State of Colorado residing at 15758 East Prentice Lane, Centennial, Colorado 80015-4263.

2.   Plaintiff, Judy Anderson, is a citizen and domicile of the State of Colorado residing at 15758 East Prentice Lane, Centennial, Colorado 80015-4263.

3.   Defendant, Liberty Mutual Insurance Company is an out of state insurance company doing business in the state of Colorado with its principle street address as 175 Berkley Street, Boston, Massachusetts 02116.

4.   Defendant's registered agent is The Division of Insurance, 1560 Broadway, Denver, Colorado 80202.

5.   At the time of the formation of the contract in question, Plaintiffs lived in Arapahoe County, Colorado.

6.   Venue is proper in this Court pursuant to C.R.C.P. 98(c)(1).



EXHIBIT

B

7.   Plaintiffs are the owners of insurance Policy Number H32-298-022346-40 issued by Defendant (hereinafter referred to as the "Policy").

8.   Plaintiffs owned the insured property, which is specifically located at 15758 East Prentice Lane, Centennial, Colorado 80015-4263, on the date of the storm (hereinafter referred to as the "Property").

9.   Defendant or its agent sold the Policy, insuring the Property, to Plaintiffs.

10.  On or about September 14, 2013, a wind and hailstorm struck the area surrounding the Property, causing severe damage to homes and businesses throughout the area, including Plaintiffs' Property.

11.  Plaintiffs submitted a claim to Defendant against the Policy for roof and structure damage to the Property sustained from the wind and hailstorm.  Plaintiffs asked that Defendant Company cover the cost of repairs to the Property pursuant to the Policy and any other available coverage under the Policy.

12.  Defendant assigned claim number 028041169-01 to Plaintiffs' claim.

13.  Defendant misrepresented the damages caused by the wind and hailstorm. Defendant misrepresented that the damages caused by the wind and hailstorm were only $47,240.34.  However, that representation was false because Plaintiffs' wind and hailstorm damages were $102,439.16.

14.  Defendant failed to properly adjust the claims and Defendant has denied at least a portion of the claims without an adequate investigation, even though the Policy provided coverage for losses such as those suffered by Plaintiffs.

15.  These false representations allowed Defendant to financially gain by wrongfully denying at least a portion of Plaintiffs' claim.

16.  Defendant failed to perform its contractual duty to adequately compensate Plaintiffs under the terms of the Policy.  Specifically, Defendant failed and refused to pay the full proceeds of the Policy, although due demand was made for proceeds to be paid in an amount sufficient to cover the damaged Property and all conditions precedent to recovery upon the Policy had been carried out and accomplished by Plaintiffs.

17.  Defendant misrepresented to Plaintiffs that the damage to the Property was not covered under the Policy, even though the damage was caused by a covered occurrence.  Defendant's conduct constitutes a violation of the Colorado Insurance Code and Unfair Claims Practices Act, C.R.S. §10-3-1104(h).  Defendant's conduct constitutes a statutory delay and/or denial of the claim under §10-3-1115 and §10-3-1116.

18.  Defendant failed to make an attempt to settle Plaintiffs' claim in a fair manner, although they were aware of their liability to Plaintiffs under the Policy.

Defendant's conduct constitutes a violation of the Colorado Insurance Code and Unfair Claims Practices Act, C.R.S. §10-3-1104(h).   Defendant's conduct constitutes a statutory delay and/or denial of the claim under §10-3-1115 and §10-3-1116.

19.    Defendant failed to explain to Plaintiffs the reasons for its offer of an inadequate settlement.  Specifically, Defendant failed to offer Plaintiffs adequate compensation, without any explanation why full payment was not being made.  Furthermore, Defendant did not communicate that any future settlements or payments would be forthcoming to pay for the entire losses covered under the Policy, nor did it provide any explanation for the failure to adequately settle Plaintiffs' claim.

20.    Defendant's conduct constitutes a violation of the Colorado Insurance Code and Unfair Claims Practices Act, C.R.S. §10-3-1104(h).   Defendant's conduct constitutes a statutory delay and/or denial of the claim under §10-3-1115 and §10-3-1116.

21.    Defendant failed to affirm or deny coverage of Plaintiffs' claim within a reasonable time.  Specifically, Plaintiffs did not receive timely indication of acceptance or rejection, regarding the full and entire claim, in writing from Defendant. Defendant's conduct constitutes a violation of the Colorado Insurance Code and Unfair Claims Practices Act, C.R.S. §10-3-1104(h). Defendant's conduct constitutes a statutory delay and/or denial of the claim under §10-3-1115 and §10-3-1116.

22.    Defendant refused to fully compensate Plaintiffs under the terms of the Policy, even though Defendant failed to conduct a reasonable investigation.  Specifically, Defendant performed an outcome-oriented investigation of Plaintiffs' claim, which resulted in a biased, unfair, and inequitable evaluation of Plaintiffs' losses to the Property.  Defendant's conduct constitutes a violation of the Colorado Insurance Code and Unfair Claims Practices Act, C.R.S. §10-3-1104(h).  Defendant's conduct constitutes a statutory delay and/or denial of the claim under §10-3-1115 and §10-3-1116.

23.    Defendant failed to meet its obligations under the Colorado Insurance Code regarding timely acknowledging Plaintiffs' claim, beginning an investigation of Plaintiffs' claim and requesting all information reasonably necessary to investigate Plaintiffs' claim within a reasonable amount of time. Defendant's conduct constitutes a violation of the Colorado Insurance Code and Unfair Claims Practices Act, C.R.S. §10-3-1104(h).  Defendant's conduct constitutes a statutory delay and/or denial of the claim under §10-3-1115 and §10-3-1116.

24.    Defendant failed to meet their obligations under the Colorado Insurance Code regarding payment of claim without delay.  Specifically, Defendant has delayed full payment of Plaintiffs' claim longer than allowed.  Defendant's conduct constitutes a violation of the Colorado Insurance Code and Unfair Claims Practices Act, C.R.S. §10-3-1104(h).  Defendant's conduct constitutes a statutory delay and/or denial of the claim under §10-3-1115 and §10-3-1116.

25.     At the time Plaintiffs' claim was presented to Defendant, the liability of Defendant to pay the full claim in accordance with the terms of the Policy was reasonably clear. However, Defendant refused to pay Plaintiffs in full, despite there being no basis whatsoever on which a reasonable insurance company would have relied to deny the full payment.  Defendant's conduct constitutes a violation of the Colorado Insurance Code and Unfair Claims Practices Act, C.R.S. §10-3-1104(h).  Defendant's conduct constitutes a statutory delay and/or denial of the claim under §10-3-1115 and §10-3-1116.

26.     Due to Defendant's wrongful acts and omissions, Plaintiffs were forced to retain the professional services of the attorney and law firm who is representing Plaintiffs with respect to these causes of action.

27.     Plaintiffs' experience is not an isolated case.  The acts and omissions of Defendant committed in this case, or similar acts and omissions, occur with such frequency that they constitute a general business practice of Defendant with regard to handling these types of claims.  Defendant's entire process is unfairly designed to reach favorable outcomes for the insurance company at the expense of the policyholder.

## FIRST CLAIM FOR RELIEF AGAINST DEFENDANT
### (VIOLATION OF C.R.S. 10-3-1115(1)(A) AND C.R.S. 10-3-1116(1))

28.     Plaintiffs incorporate all previous allegations as if more fully set forth herein.

29.     Defendant's delay and/or denial of Plaintiffs' claim for homeowner's insurance benefits is unreasonable.

30.     Pursuant to C.R.S. §10-3-1116(1), Plaintiffs are entitled to reasonable attorney's fees, costs and two times the covered benefit.
.

## SECOND CLAIM FOR RELIEF AGAINST DEFENDANT
### (BAD FAITH BREACH OF INSURANCE CONTRACT)

31.     Plaintiffs incorporate all previous allegations as if more fully set forth herein.

32.     As a provider of insurance services to the public, Defendant at all times had a duty to be actuated by good faith and fair dealing in everything pertaining thereto, abstain from deceptive or misleading practices and keep, observe, and practice the principles of law and equity in all matters pertaining to the business of insurance.

33.     Under Colorado law, every insurance contract contains an implied covenant of good faith and fair dealing and imposes on insurers a duty to act in good faith with their insured's.  Pursuant to its implied duty of good faith and fair dealing, Defendant owed to Plaintiffs an obligation to treat Plaintiffs' interests with equal consideration to their own interests.

4

34.   Defendant has breached its duty of good faith and fair dealing owed to Plaintiffs, including but not limited to:

   a.   Failing to give equal consideration to the interest of Plaintiffs, their insured;

   b.   When investigating Plaintiffs' claims, failing to diligently search for evidence that supported their insured's (Plaintiffs') claims;

   c.   Seeking to discover only evidence that defeated their insured's (Plaintiffs') claims;

   d.   Unreasonably delaying and/or withholding benefits under the insurance policy without a reasonable basis for delaying and/or withholding benefits, with knowledge or reckless disregard of a lack or reasonable basis for delaying and/or withholding benefits;

   e.   Failing to adopt and implement reasonable standards for the prompt investigation of claims arising under the insurance policy;

   f.   Refusing to pay claims without conducting a reasonable investigation based upon all available information;

   g.   Not attempting in good faith to effectuate prompt, fair and equitable settlements of claims after its liability has become reasonably clear;

   h.   Compelling Plaintiffs to institute litigation to recover amounts due under the insurance policy;

   i.   Forcing Plaintiffs into the costly and lengthy process of litigation; and

   j.   Any further acts which may be discovered.

35.   Defendant's aforesaid conduct was unreasonable and Defendant knew such conduct either was unreasonable or recklessly disregarded the fact that the conduct was unreasonable.

36.   As a direct and proximate result of Defendant's breach of its duty of good faith and fair dealing, Plaintiffs have sustained damages in the amount to be proved at trial.

## DAMAGES

37.   Plaintiffs incorporate by reference all preceding paragraphs as fully set forth herein.

5

38.     As a direct and proximate result of Defendant's bad faith breach of the insurance contract, Plaintiffs have incurred damages in the amount to be proved at the time of trial.

39.     As a direct and proximate result of Defendant's violation of C.R.S. §10-3-1115 and C.R.S. §10-3-1116, Plaintiffs seek damages in the amount of two times the covered benefit, attorneys fees, and costs.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully request that judgment be entered in favor of the Plaintiffs and against Defendant in an amount to fairly compensate them for the damages as set forth above, court costs, expert witness fees, attorney's fees and other costs, statutory interest from the date this cause of action accrued or as otherwise permitted under Colorado law and for such other and further relief as this Court deems just and proper.

## JURY DEMAND

Plaintiffs demand trial by jury.

Dated February 11, 2015.

Respectfully Submitted,

*/s/ Ross Ziev*
Ross Ziev

In accordance with C.R.C.P. 121, §1-26(9), a printed copy of this document with original signatures is being maintained by the filing party and will be made available for inspection by other parties or the Court upon request.